IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                         **Case No. 11-40064-01-RDR**

GALEN LANE FRANCIS,

        Defendant.

---

**MEMORANDUM AND ORDER**

This matter is before the court upon defendant's motion to suppress. Doc. No. 18. The motion is directed toward evidence collected by officers and statements made by defendant during the course of a traffic stop and arrest situation. The court has conducted an evidentiary hearing in this case and shall deny defendant's motion.

I. Factual findings.

Defendant is charged with illegal possession of a firearm as a convicted felon. The firearm was discovered by Charleton Huen, a Salina, Kansas police officer, during a search which followed a traffic stop of a car driven by defendant's fiancée, Megan Alkire. Officer Huen is a patrol officer with nine years of experience and training on the Salina police force. He has done perhaps as many of 1,000 DUI arrests.

At approximately 1:50 a.m. on June 20, 2011, Officer Huen was parked in a parking lot near the back entrance of a bar in Salina. This was about closing time for the bar. A 1985 Cadillac drive in

front of him.  Both occupants of the vehicle were not wearing seat belts.  The Cadillac did not stop as it moved out of the parking lot and onto a street.  Officer Huen exited the parking lot in his patrol car and kept track of the Cadillac.  The Cadillac passed in front of his car a second time in a different parking lot.  The Cadillac then traveled for a relatively short distance before stopping somewhat abruptly against a curb.  Officer Huen turned on his emergency lights, stopped his car behind the Cadillac, turned off the emergency lights, exited the patrol car and approached the Cadillac.  He told the driver, Megan Alkire, that he stopped her car because of a seat belt violation and the failure to stop before exiting the parking lot onto the street.  She said she was sorry.  He mentioned that he smelled alcohol in the car.  He also observed that Ms. Alkire's eyes were bloodshot and watery.  Ms. Alkire denied that she had been drinking.  Ms. Alkire did not have her driver's license and could not locate proof of insurance on the vehicle, which she told Officer Huen did not belong to her.  Officer Huen asked Ms. Alkire to exit the Cadillac so that she could perform a field sobriety test.  First, he administered the horizontal gaze nystagmus test.  Later, he asked Ms. Alkire to perform heel to toe walking and to stand on one leg.  He smelled alcohol strongly from Ms. Alkire.  As time went forward, Ms. Alkire admitted that she may have been drinking a little and that she had taken one or more Lortabs.  Officer Huen concluded that Ms. Alkire

failed the field sobriety tests.  He offered to give Ms. Alkire a breath test, but she declined.  He then arrested Ms. Alkire and placed her in his patrol vehicle.  While all of this was occurring, the passenger in the Cadillac, Nicole Cardenas, was arrested on the basis of an active warrant.  She was placed in a different patrol car by another police officer.

Officer Huen initiated a search of the Cadillac to find evidence of alcohol or drug-impaired driving.  He started in the vicinity of the front seat.  Below the crack which separated the driver's and passenger's seat, he saw a rag which was concealing a handgun.  Officer Huen removed the gun, unloaded it and discussed it with the officer assisting him on the scene.

About this time, defendant drove up to the Cadillac, exited his car and approached Officer Huen on foot.  Defendant told Officer Huen that the Cadillac was his car and that everything in the car was his, including the gun. He also told Officer Huen that he had a permit for the gun from Louisiana.  Officer Huen suspected that defendant might be drunk, although he did not smell alcohol strongly.  He had defendant perform the horizontal gaze nystagmus test.  It appears that defendant passed this test in Officer Huen's judgment. Officer Huen spoke to his supervisor and the dispatcher from his patrol car while defendant waited outside.  Officer Huen developed information that defendant had a prior conviction which prohibited him from possessing the handgun.  So, defendant was

arrested.

    II.  <u>Defendant does not have standing to challenge the traffic stop</u>.

Defendant contends that the police did not have adequate cause to stop the Cadillac driven by Ms. Alkire.  The government has responded that defendant does not have standing to raise this argument, since he did not occupy the vehicle at the time of the stop.

The Fourth Amendment is a personal right which must be asserted by the individual whose protected interests have been infringed.  See <u>United States v. Poe</u>, 556 F.3d 1113, 1121 (10th Cir.) <u>cert. denied</u>, 130 S.Ct. 395 (2009).  Defendant has the burden of proving that his liberty or privacy interests were infringed by the police.  <u>Id.</u>  While his privacy interests may have been impacted by the search of his car, defendant has failed to prove that his liberty interests were affected by Officer Huen's decision to stop the Cadillac.  Defendant was not in the car when it was stopped, and there is no evidence that his freedom or ability to travel was meaningfully limited by the traffic stop.  Under these circumstances, defendant lacks standing to argue that his constitutional rights were violated by the traffic stop of his vehicle.  See <u>U.S. v. Fuller</u>, 374 F.3d 617, 620-21 (8th Cir. 2004) <u>cert. denied</u>, 543 U.S. 1073 (2005); <u>U.S. v. Powell</u>, 929 F.2d 1190, 1194-96 (7th Cir.) <u>cert. denied</u>, 502 U.S. 981 (1991); <u>U.S. v. $572,204 in U.S. Currency</u>, 606 F.Supp.2d 153, 158 (D.Mass. 2009);

4

U.S. v. Ruiz, 345 F.Supp.2d 171, 173 (D.Mass. 2004).

   III. <u>Assuming that defendant did have standing to challenge the traffic stop, the court finds that reasonable suspicion supported the traffic stop</u>.

   A traffic stop is justified under the Fourth Amendment if an officer has reasonable suspicion that there has been a violation of a traffic regulation of the jurisdiction. U.S. v. Chavez, ___ F.3d ___, 2011 WL 4925884 at *5 (10th Cir. 2011); U.S. v. Vercher, 358 F.3d 1257, 1261 (10th Cir. 2004). Reasonable suspicion requires a level of objective justification, but need not rule out the possibility of innocent conduct; it is less than probable cause and considerably less than a preponderance of the evidence. Vercher, 358 F.3d at 1261 & 1263 (citations and quotations omitted). The court finds that Officer Huen saw that Ms. Alkire and Ms. Cardenas were not wearing seat belts as they drove away from the parking lot and when they drove in front of Officer Huen's car a second time. Under K.S.A. 8-2503, which sets out the requirement to wear a seat belt, the officer had the authority to perform a traffic stop.

   IV. <u>Officer Huen had probable cause to arrest Megan Alkire for DUI and adequate grounds to search her vehicle following the arrest</u>.

   Defendant argues that Officer Huen did not have adequate reason to search defendant's vehicle because he did not have probable cause to arrest Megan Alkire for DUI and because he had no reason to search the vehicle after both occupants had been arrested and placed in patrol cars. The court disagrees with both parts of

this argument.

A police officer may arrest a person without a warrant if he has probable cause to believe that person has committed a crime. Tennessee v. Garner, 471 U.S. 1, 7 (1985). "'Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense.'" Romero v. Fay, 45 F.3d 1472, 1476 (10th Cir. 1995) (quoting, Jones v. City and County of Denver, 854 F.2d 1206, 1210 (10th Cir. 1988)). The court finds that Officer Huen had probable cause to arrest Ms. Alkire for DUI. Officer Huen observed Ms. Alkire drive the Cadillac away from the parking lot of a bar at 1:50 a.m. He smelled a strong odor of alcohol when he spoke with Ms. Alkire in and outside of the Cadillac. He observed that she had bloodshot and watery eyes. She admitted taking Lortabs and drinking at least "a little." In his experienced judgment, she failed the field sobriety tests. This provided probable cause to arrest Ms. Alkire for DUI. See Chavez, ___ F.3d ___, 2011 WL 4925884 at *8; State v. Johnson, 233 P.3d 290, 297-98 (Kan.App. 2010); Campbell v. Kansas Dept. of Revenue, 962 P.2d 1150, 1151 (Kan.App. 1998).

Once Ms. Alkire was taken to Officer Huen's patrol car on suspicion of DUI, Officer Huen could return to the Cadillac to search for evidence of impaired driving. The Supreme Court has

stated that a warrantless search of a vehicle may proceed incident to an arrest "when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" Arizona v. Gant, 129 S.Ct. 1710, 1719 (2009)(quoting, Thorton v. United States, 541 U.S. 615, 632 (2004) (Scalia, J., concurring in judgment)). Those circumstances existed in this case. Ms. Alkire stated that she had taken Lortabs and that the medication might influence her performance on the field sobriety tests, thus indicating that she may have taken the pills near the time of the traffic stop. Officer Huen also smelled a strong odor of alcohol coming from the car. This information, and the other evidence showing probable cause of DUI, made it reasonable for Officer Huen to think that he could find evidence of impaired driving in the car, such as Lortab pills or bottles, and cans or bottles of alcohol. See U.S. v. Valandra, 2011 WL 3439930 at *4 (D.S.D. 2011); U.S. v. Grote, 2009 WL 2068023 at *2 (E.D.Wash. 2009); U.S. v. Oliva, 2009 WL 1918458 at *6 (S.D.Tex. 2009).

    For these reasons, defendant's privacy rights under the Fourth Amendment were not violated by the actions of Officer Huen or the other officers assisting him in this matter.

    V.   Conclusion

    As set forth above, defendant has no standing to challenge the traffic stop, and the officers did not violate defendant's Fourth Amendment rights or the Fourth Amendment rights of Ms. Alkire.

Therefore, any statements made by defendant during the above-described events were not collected as the result of a constitutional violation and cannot be suppressed as fruit of the poisonous tree. The court must deny defendant's motion to suppress.

    **IT IS SO ORDERED.**

    Dated this 21st day of November, 2011 at Topeka, Kansas.

                                      s/Richard D. Rogers
                                      United States District Judge